UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 11-CR-23-JMH |
| ) | |
| DANIEL LARIOS-VILLATORIO, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

\*\*\*

Defendant has filed a pro se Motion for Reduction of Sentence [DE 26] in which he requests that, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduce his sentence in light of recent amendments to U.S.S.G. § 2L1.2(b)(1). Specifically, he argues that under amended U.S.S.G. § 2L1.2(b)(1), he would have received only a 12 point enhancement for a prior conviction of a crime of violence instead of a 16 point enhancement because criminal history points were not warranted for the prior conviction because of its age. As explained below, Defendant's motion is without merit, and it shall be denied.

**I.**

In an indictment filed on February 10, 2011, Defendant was charged with violating 8 U.S.C. 1326(a) and (b)(2) on January 29, 2011, for having illegally reentered into the United States after deportation for an aggravated felony offense. He entered a guilty plea to the charges on March 28, 2011, and was

1

sentenced on June 27, 2011, to a period of imprisonment for a term of 37 months. Judgment was entered on June 28, 2011.

The aggravated felony offense which underlined the charge in this case was an April 8, 1996, conviction for attempted arson, 2nd degree, an offense committed on June 25, 1995, for which he was incarcerated until December 18, 1996.

## II.

At the time of Defendant's sentencing in this matter, the 2010 Guidelines applied. In that version, U.S.S.G. §2L1.2(b)(1)(A)(ii) provided for a 16 level increase in the offense level where a defendant was previously "deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is. . . a crime of violence. . ." By virtue of an amendment effective in November 2011, U.S.S.G. §2L1.2(b)(1)(A)(ii) now provides for either a 16 level increase (if a prior conviction received criminal history points) or a 12 level increase in offense level (if a prior conviction does not receive criminal history points) "[i]f the defendant previously was deported, or unlawfully remained in the United States after . . . a conviction for a felony that is . . . a crime of violence."

Defendant received a 16 level increase under the former provision. He now argues that his sentence should be reduced because he would receive only a 12 level increase in offense

2

level under amended U.S.S.G. §2L1.2(b)(1)(A)(ii) because his 1996 sentence for arson, 2nd degree, was not within the time periods specified in U.S.S.G. §4A1.2(e)(1)-(2) and should not have received criminal history points. See U.S.S.G. §4A1.2(e)(3).

U.S.S.G. §4A1.2(e)(1) provides, however, that "any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted" as is "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period."

In other words, under either the Guidelines Manual in effect on the date of sentencing (the 2010 version) or the present version of the Guidelines in which this amendment took effect (the 2011 version), criminal history points were properly assessed in the calculation of his Guidelines range for his conviction and sentence for attempted arson, 2nd degree. He was incarcerated for that crime until December 18, 1996, and only 14 years, 1 month, and 12 days expired between the conclusion of his incarceration on the arson offense and the "commencement of the instant offense" on January 29, 2011.[1]

---

[1] This fact was recognized and the assessment of criminal history points for the arson conviction was conceded in the Sentencing Memorandum filed on Defendant's behalf by counsel at the time of sentencing.

3

It follows that, even if the Court were to recalculate Defendant's range using amended U.S.S.G. §2L1.2(b)(1)(A)(ii), as set forth in the 2011 Guidelines, Plaintiff would be assessed a 16 level increase in the offense level because he had been "deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is. . . a crime of violence. . ." for which criminal history points were properly included in the calculation because the arson conviction fell within the time period set forth in U.S.S.G. §4A1.2(e)(1).  *See* U.S.S.G. §4A1.2(e)(3).

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reduction of Sentence [DE 26] is **DENIED**.

This the 20th day of September, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4